IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHARLENE MACK, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:09-CV-62 (CDL) |
| THE HOUSING AUTHORITY FOR THE CITY OF ATHENS, GEORGIA, *et al.*, | * |
| | * |
| Defendants. | * |

O R D E R

Plaintiff was employed as a maintenance laborer by Defendant Housing Authority for the City of Athens ("AHA"). Among other things, Plaintiff contends that AHA terminated her employment in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Presently pending before the Court is Defendants' First Motion for Partial Summary Judgment (Doc. 14).[1] The narrow issue presented by the present motion is whether Plaintiff's ADA claims are time-barred. For the reasons set forth below, the Court concludes that Plaintiff's ADA claims are time-barred, and the Court thus grants Defendants' First Motion for Partial Summary Judgment.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[1]Also pending are Defendants' Second and Third Motions for Partial Summary Judgment. Those motions are not yet ripe for review.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed for purposes of the pending summary judgment motion. AHA is a governmental entity that provides housing for low-income families in Athens-Clarke County, Georgia. AHA hired Plaintiff as a maintenance worker on October 16, 2000. In November of 2007, Plaintiff was placed on Family and Medical Leave ("FMLA Leave"), and she was informed that her FMLA Leave would expire on February 5, 2008. When Plaintiff's FMLA Leave expired, AHA determined that Plaintiff could not perform the essential functions of her position, and AHA terminated Plaintiff's employment on February 6, 2008. Plaintiff now contends that she could have performed light duty work upon expiration of her FMLA Leave and that AHA discriminated against her by not offering her light duty work.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2008. In that charge, when asked to specify the basis for the alleged discrimination, Plaintiff checked only the "race" box and did not check the "disability" box. (Ex. A to Defs.' 1st Mot. for Summ. J., Pl.'s 1st EEOC Charge, Apr. 23, 2008.) Plaintiff also stated that she complained to her supervisor about being required to complete a white co-worker's duties and that she believed she was discriminated against because of her race. (*Id.*) In her EEOC intake questionnaire, when asked to state the basis for discrimination, Plaintiff stated, "Because I am a Black Woman." (Ex. B to Defs.' 1st Mot. for Summ. J., EEOC Intake Questionnaire 2, Feb. 12, 2008.) Plaintiff also stated that her supervisor told her that she was better at cleaning than her white co-worker, that black women need to work harder than white women, and that white women need easy jobs. (*Id.*) Although the intake questionnaire requested information regarding any claims of disability discrimination, Plaintiff did not answer any of the questions relating to disabilities. (*Id.* at 3.) Plaintiff contends, however, that during the EEOC investigation she told the EEOC investigator that she believed that she was terminated because she had just had surgery for carpal tunnel syndrome. (Pl.'s Aff. ¶ 23, Sept. 23, 2009.) She also told the EEOC investigator that when Plaintiff's FMLA Leave expired, AHA refused to accommodate Plaintiff's request for light duty work. (*Id.* ¶¶ 24-25.)

3

The EEOC closed its investigation into the original charge of discrimination on January 29, 2009 and informed Plaintiff that, based on its investigation, "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Ex. C to Defs.' 1st Mot. for Summ. J., EEOC Dismissal and Notice of Rights, Jan. 29, 2009.) Plaintiff filed another charge of discrimination with the EEOC on February 6, 2009. (Ex. D to Defs.' 1st Mot. for Summ. J., Pl.'s 2d EEOC Charge, Feb. 6, 2009.) In that charge, she sought to amend her original EEOC charge to add claims of disability discrimination and retaliation. (*Id.*)

## DISCUSSION

To litigate an ADA discrimination claim, a plaintiff must first exhaust her administrative remedies. *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007) (per curiam). "The first step down this path is filing a timely charge of discrimination with the EEOC." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). In a non-deferral state such as Georgia, the charge of discrimination must be filed with the EEOC within 180 days after the date of the alleged discrimination. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *accord Wilkerson*, 270 F.3d at 1317. Failure to file a timely charge with the EEOC results in a bar of the plaintiff's claims. *Rizo*, 228 F. App'x at 835. A timely EEOC charge "may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations

4

made therein." 29 C.F.R. § 1601.12(b). If a plaintiff does file a timely charge with the EEOC, her "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of [her] charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). Judicial claims may be permitted if they "amplify, clarify, or more clearly focus the allegations in the EEOC complaint," but judicial claims that allege "new acts of discrimination are inappropriate." *Id.* at 1279-80 (internal quotation marks omitted).

Plaintiff contends that her ADA claims are within the scope of the EEOC investigation that could reasonably be expected to grow out of her original EEOC charge. In the alternative, Plaintiff argues that the allegations in her February 9, 2009 EEOC charge relate back to her original EEOC charge such that they should be considered timely. Both of these arguments fail. Plaintiff's original EEOC charge alleged only race discrimination. There was no inkling of any allegations of disability discrimination in the original charge or intake questionnaire. The issue of disability discrimination did not come up until Plaintiff filed her second EEOC charge, which was *after* the EEOC closed its investigation and issued Plaintiff a right-to-sue letter with regard to her original charge. *See Floyd v. Home Depot U.S.A., Inc.*, 274 F. App'x 763, 765 (11th Cir. 2008) (per curiam) (finding that amended EEOC charge alleging race discrimination did

5

not relate back to original charge that only alleged disability discrimination); *Mathis v. Leggett & Platt*, 263 F. App'x 9, 12 (11th Cir. 2008) (per curiam) (affirming dismissal of claims that surfaced only in untimely EEOC charge and did not relate back to initial timely filing).

Nonetheless, Plaintiff contends that the EEOC and AHA were on notice that her first EEOC charge included claims of disability discrimination for two reasons. First, Plaintiff asserts that she disclosed the alleged disability discrimination in verbal communications with the EEOC. This argument is unavailing. Plaintiff points to no evidence of the context, content, or timing of these alleged communications, and she points to no evidence that AHA was aware of these communications such that it was put on notice of Plaintiff's disability discrimination allegation. Second, Plaintiff contends that the termination letter AHA issued to Plaintiff put the EEOC and AHA on notice that Plaintiff was alleging disability discrimination. However, the letter, standing alone, is not enough to put the EEOC and AHA on notice of such allegations. The letter states that AHA terminated Plaintiff because her work restrictions required that she be placed on light duty but there were no light duty jobs available. Without some allegation of wrongdoing—such as a contention that there actually were light duty jobs available at the time of Plaintiff's termination—there was no reason for the EEOC or AHA to assume that Plaintiff was contending that AHA discriminated

against Plaintiff because of a disability.  For all of these reasons, the Court concludes that Plaintiff's second EEOC charge and her judicial complaint raise new allegations of discrimination and do not merely amplify or clarify the allegations made in Plaintiff's original EEOC charge.  Plaintiff's ADA claims are thus time-barred, and Defendants are entitled to summary judgment on those claims.[2]

## CONCLUSION

As discussed above, Plaintiff's ADA claims are time-barred. Accordingly, the Court grants Defendants' First Motion for Partial Summary Judgment (Doc. 14).

---

[2] In the motion for partial summary judgment at issue here, Defendants moved for partial summary judgment on a variety of issues, but they moved for summary judgment on behalf of all Defendants, including AHA, as to only one claim: the ADA claim.  (Defs.' 1st Mot. for Summ. J. ¶ 3; Defs.' Br. in Supp. of 1st Mot. for Summ. J. 12-14.)  In the Consent Order between the parties that resolved most of Defendants' first motion for partial summary judgment, the parties advised the Court that the Consent Order resolved all issues "except for the issue of whether Plaintiff's ADA claim is time barred."  (Consent Order 2, Sept. 23, 2009.)  However, in a footnote of their reply brief, Defendants argued, for the first time, that Plaintiff's Title VII retaliation claim against AHA is also time-barred.  (Defs.' Reply in Supp. of 1st Mot. for Summ. J. 2 n.1.) Arguments made for the first time in a reply brief are not properly before the Court.  *E.g., Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).  Nonetheless, even if the issue were properly before the Court, the Court would conclude that Plaintiff's Title VII retaliation claim is not time-barred.  In her first EEOC charge, Plaintiff stated, "I complained to my supervisor about being required to complete a White co-worker's duties.  On February 6, 2008, I was discharged."  (Ex. A to Defs.' 1st Mot. for Summ. J., Pl.'s 1st EEOC Charge, Apr. 23, 2008.) Based on this, the EEOC and AHA could reasonably conclude that Plaintiff's charge included allegations of retaliation under Title VII.  This does not mean that summary adjudication on Plaintiff's Title VII retaliation claim would not be appropriate for another reason, but that issue is not presently before the Court.

IT IS SO ORDERED, this 3rd day of March, 2010.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE